**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              Case No.  8:12-CR-181-T-23EAJ

**SENAD DJEDOVIC**
_____/

**REPORT AND RECOMMENDATION**

Defendant's counsel has filed a Motion to Withdraw as Counsel (Dkt. 46).[1]

The District Court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an in camera review of the financial circumstances of the defendant, as well as the fee arrangements between the defendant and retained trial counsel. See Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, § (d)(2), Eleventh Circuit Rules.[2]

Defendant was represented in this case by Mark O'Brien, Esquire as retained counsel.

Pursuant to the order dated October 26, 2012, Mr. O'Brien has submitted for in camera review information regarding the fee agreement with defendant (Dkt.S-1). Defendant has submitted a financial affidavit dated November 9, 2012.

---

[1]  This motion was referred to the undersigned by the District Judge on October 18, 2012.

[2]  Addendum 4(d)(2) provides in pertinent part:  "Unless approved in advance by this court, the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel."

<u>Findings of Fact</u>

Counsel states that he was retained for trial only, not appeal. Defendant's financial affidavit reveals that he is indigent and has no other resources available to him with which to hire counsel for appeal.

The docket reveals that Defendant was arrested on a Complaint on March 5, 2012, and the Federal Public Defender's Office was appointed to represent him. Mr. O'Brien filed a Notice of appearance on behalf of Defendant on April 4, 2012. On May 4, 2012, an Information, Waiver of Indictment, and a Plea Agreement was filed. Defendant pleaded guilty less than a month later - on May 30, 2012 - and was sentenced on October 15, 2012. The sentencing hearing was originally scheduled for August 20, 2012, but was continued twice at the request of Mr. O'Brien. The Notice of Appeal and Motion to Withdraw were filed by Mr. O'Brien on October 18, 2012. The charge for which Defendant was sentenced involved possession of child pornography, in violation of Title 18, United States Code, Sections 2252, 3238.

<u>Conclusion of Law</u>

The fees received by Mr. O'Brien was a significant amount. Counsel's <u>in</u> <u>camera</u> filing reveals the amount of the fee, but no time records or other material to evaluate the extent of services rendered are provided. The court file reveals very minimal activity in representing Defendant in this criminal case. Accordingly, it is appropriate to require counsel to continue to represent Defendant on appeal, consistent with the Eleventh Circuit's Criminal Justice Act plan.

## CONCLUSION

It is **RECOMMENDED THAT**:

The Motion to Withdraw as Counsel (Dkt. 46) be **DENIED.**

DONE AND ORDERED at Tampa, Florida this 28th day of November, 2012.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636 (b)(1).